**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

OUESLATI, et al.,

Plaintiff

    v.

BELARDO, et al.

   Defendants

CIVIL NO. 11-2165 (PG)

**OPINION AND ORDER**

The instant case is an action for damages against defendants Luis Belardo and Glen Martin as a consequence of the physical assault executed against plaintiff Haithem Oueslati dating back to December 4, 2010. The case's procedural history is succinct given that defendants never appeared and were found in default. Plaintiffs filed the Complaint on December 2, 2011. Since defendants never answered the Complaint, plaintiffs requested the Entry of Default against them on September 6, 2012 (Docket No. 13). On October 11, 2012, the Court granted their request (Docket No. 14). The Non-Jury Trial was held on May 28, 2013 without the appearance of Defendants. After having heard the evidence at Trial, the Court makes the following findings.

FINDINGS OF FACTS

The complaint alleges that on 2007, Plaintiffs Haithem Oueslati (hereinafter "Oueslati") and Daniela Marin (hereinafter "Marin") bought a property located in Vieques, Puerto Rico. Oueslati put the house up for sale through Bravos Boyz Real Estate Property ("Bravo Boyz"), a Vieques-based real estate company. Within two weeks he got an offer for the house. Oueslati, however, could not agree with the potential buyer on a selling price and ultimately decided to remove the house from the market.

On December 1, 2010 Oueslati arrived in Vieques, Puerto Rico, to check on his property and to carry out maintenance of the house and grounds. He planned to hire a property manager and asked Bravos Boyz for referrals. Defendant Luis Belardo (hereinafter "Belardo") was one of the people recommended and Oueslati set up a meeting to interview him on December 4th, 2010.

Belardo showed up to the meeting with Glen Martin (hereinafter "Martin") who was introduced by Belardo as his business partner. After joining Oueslati, they all drove to his property, located on a steep hill.

Once they finally arrived at the house, without any particular reason, Martin began to scream and verbally abuse Oueslati, using profanity and menacing words. Through this, Belardo stood by Martin's side in silence, with his arms crossed. Martin started telling Oueslati that he was the broker who made an offer on the house and told Oueslati that he should have sold the house. Martin continued to be enraged and, afraid for his safety, Oueslati asked defendants to abandon his property.

In response, Martin pushed Oueslati and then proceeded to beat him. The next thing Oueslati remembers is opening his eyes and being disoriented, with gushing blood. Oueslati, however, had no cell phone reception and could not call the police. After the assault, Belardo and Martin threatened Oueslati if he pressed charges against them. A neighbor named Hector Melendez, who is a registered nurse, examined Oueslati and then took him to the hospital. Oueslati's next door neighbor, Laura Cohen, witnessed part of the incident.

After receiving initial care at the emergency room in Vieques, Oueslati was flown to Centro Médico due to the severity of his injuries. Juan Troconis, M.D., a maxillofacial resident at Centro Médico who examined Oueslati upon his arrival at the hospital, testified that the patient came in with facial trauma. Oueslati was diagnosed with five fractures on his face and a hemorrhaged right eye. After reading his X-Rays, Troconis told Oueslati that he had to have surgery immediately.

Oueslati decided to undergo the facial reconstruction surgery in New York to be with his family. He spent several days trying to find a doctor who could perform the operation and would accept his health insurance plan to cover the expenses. The operation finally took place on December 14th, 2010 at Cornell Hospital.

Oueslati testified that all through that time he was in constant pain. The surgery lasted 4 to 6 hours in which time the doctors inserted several metal plates on Oueslati's face. Since his jaw was broken, various screws and wires were placed on his jaw. As a result, Oueslati was not able to eat solid foods for two weeks.

In addition, Oueslati testified that his life changed drastically after the incident. He became extremely stressed and felt afraid for his safety and that of his family since Martin had his address, phone number and contact information in New York. To make matters worse, Oueslati also heard that the defendants were threatening his broker, Bravos Boyz, to avoid prosecution for the assault.

Oueslati indicated that he was so nervous that he installed an alarm system in his house and changed the locks. He also suffered a nervous breakdown and was unable to work for five months. In addition, he was also unable to sleep for at least two months. The aftermath of the assault also left Oueslati with physical limitations, as he still does not have any feeling in his upper gum.

Oueslati's wife also suffered nervous breakdowns as a result of the incident. Oueslati testified that Marin had to dedicate herself to taking care of him in the post-operatory recovery.

Oueslati testified that Belardo, who has a record for substance abuse, entered into a Plea Agreement in the criminal case before the Puerto Rico Court of First Instance, Fajardo Section, arising out of the assault. Likewise, Glen Martin's trial for aggravated assault is scheduled to begin on August at the Fajardo Court.

## CONCLUSIONS OF LAW

Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141, establishes: "A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done. Concurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity."

Puerto Rico recognizes the principle of joint responsibility among persons causing the harm. Sánchez Rodríguez v. López Jiménez, 118 D.P.R. 701 (1987). When several persons intervene or cooperate in causing harm, all are jointly liable for damages caused even though each one shall be personally responsible for his own fault. Id. In view of impossibility of apportioning damages caused by each individual tortfeasor, each shall be liable for entire damage caused (joint liability) without reference to degree or intensity of respective fault. Id.

     In the present action, the evidence shows that defendants acted negligently and, in doing so, caused plaintiffs considerable damage. From the testimony gathered at trial, it can be ascertained that, on December 4, 2010, defendants savagely beat Oueslati without provocation apparently because defendant Glen Martin was upset that Oueslati had not accepted his offer on the property Oueslati and his wife owned in Vieques.

     As a result of defendants' negligent actions, Oueslati endured severe injuries. Not only was he in constant pain, but he had to undergo reconstructive surgery for the facial trauma that he suffered. Oueslati had screws, wires and rubber bands attached to his jaw for approximately two weeks. To this day, Oueslati has metal plates on his face and still has not recovered all feeling on parts of his face.

     In addition to his physical injuries, the evidence at trial showed that Oueslati suffered considerable mental anguish. He was so afraid for his safety and that of his family that he suffered nervous breakdowns. His wife also suffered mental anguish and moral damage product of the verbal and physical assault inflicted to her husband.

     **After assessing the evidence on the record and the testimony presented at trial, this Court estimates damages to plaintiffs in the sum of $600,000.00**. Furthermore, in light of the principle of joint responsibility under Puerto Rico law, this Court finds that defendants Luis Belardo and Glen Martin are jointly liable for the damages caused to plaintiffs.

     **IT IS SO ORDERED.**

     In San Juan, Puerto Rico, June 14, 2013.


                                        *s/ Juan M. Pérez-Giménez*
                                        **JUAN M. PEREZ-GIMENEZ**
                                        **SENIOR U.S. DISTRICT JUDGE**